**Fahimul HUSSAIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73927.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 23, 2004.

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Papu Sandhu, Earle B. Wilson, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Fahimul Hussain, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's decision. Hussain's testimony was internally inconsistent, and inconsistent with his application and supporting documentation concerning, *inter alia*, the dates and locations of the alleged beatings, and the time period he received threats. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). Moreover, substantial evidence supports the adverse credibility finding based on the lack of clarity and implausibility of his testimony, and omission of the beatings from Hussain's application. *See id. at* 1152–53; *Malhi*, 336 F.3d at 993.

Because Hussain failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED.**